UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALLWYN JOURDAN,

    Plaintiff,

                                                **Case No.: 1:18-cv-23561-KMM**

v.

ALLSTATE INSURANCE COMPANY,
a Foreign Illinois Registered Corporation
and CONRADO YERO, INC, a Florida For
Profit Corporation,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND THIS CASE BACK TO THE CIRCUIT COURT OF MIAMI DADE COUNTY AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to 28 U.S.C. §1447 (c), Plaintiff, ALLWYN JOURDAN, (hereinafter "Plaintiff"), and for the reasons set for the in the accompanying memorandum of law which is incorporated herein, the Plaintiff respectfully moves this Court to remand this case back to state court for further proceedings as this Court lacks jurisdiction over this case as there is a lack of complete diversity between the Parties and requiring payment Plaintiff's attorney's fees and costs incurred as a result of the removal.

**MEMORANDUM OF LAW**

On or about July 9, 2018 Plaintiff cause to be filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida Case No.: 2018-023085-CA-01. Without filing a response in the above referenced state court case, Defendant, ALLSTATE INSURANCE COMPANY, (hereinafter "ALLSTATE"), on or about August 30, 2018 filed a Notice of Filing of

Defendant Allstate Insurance Company's Notice of Removal to the United States District Court for the Southern District of Florida. [D.E. 1]. The state case filed by the Plaintiff in the Circuit Court of the 11th Judicial Circuit seeks damages against two defendants, ALLSTATE and CONRADO YERO, Inc., (hereinafter "YERO"), both doing business in the State of Florida. In the Notice of Removal filed by ALLSTATE, said defendant would have this Court rule that YERO, as one of its many exclusive agents, is a captive agent not an independent contractor, and is one in the same with ALLSTATE itself. ALLSTATE's contention that it controls YERO as what one would traditional think an "exclusive" agent would be, this is simply not the case upon the plain language of the subject underlining contract, R3001, YERO has with ALLSTATE. What ALLSTATE neglects to inform this Court in its Notice of Removal is that YERO, just as Plaintiff, is in and of itself only an independent contractor maintaining its own economic interest in a book of business which it has a right to sell by the terms of the contract to which it and not Plaintiff is a party to with ALLSTATE.

At all times material hereto, the Plaintiff had and identifiable and transferable economic interest in the book of business related to his former agency which was contractually guaranteed to him by the provisions of the contract upon which the causes of action pled in the state court case are based. YERO as stated in Plaintiff's Complaint, as acknowledged to a certain extent in the Notice of Removal filed by ALLSTATE, interfered with the economic interest of book of business being offered for sale by the Plaintiff during his exclusive right of sale, to which ALLSTATE also acknowledges as belonging to the Plaintiff in the Notice of Removal. *See* paragraph 15 page 5 of the Notice of Removal [D.E. 1]. Therefore, claims made by ALLSTATE that Plaintiff fraudulently including YERO as a Defendant are unfounded.

## LEGAL STANDARDS

In general, the removal statute, Title 28 of the United States Code, Section 1441 *et seq.*, provides that a civil cause of action filed in State court is only removable if the cause could originally have been brought in federal court. 28 U.S.C. § 1441(a). Accordingly, types of actions which qualify for removal are; actions that are founded on original jurisdiction of the district Courts, actions that involve parties who are of diverse citizenship, provided that none of the defendants is a citizen of the State in which the action is brought, and claims which arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1441. Title 28, United States Code, Section 1446 outlines the procedure for removing an action which provides that the Notice of Removal must be filed within thirty (30) after the Defendant is served with the initial pleading. 28 U.S.C. § 1446(b).

Absent a complete diversity of citizenship between the parties, only state court actions which could have originally been filed in federal court may be removed by a defendant to federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit Court of Appeals has observed that 28 U.S.C. § 1441 allows removal under three circumstances which is the burden of the party seeking removal to demonstrate. *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). These circumstances are (1) if the parties are diverse and meet the statutory requirements for diversity jurisdiction, (2) the face of Plaintiff's Complaint raises a federal question, or (3) if there is complete preemption so that state law cannot rule upon the subject matter. *Id.* (internal citations omitted). It is well established that the diversity statutes are to be strictly construed and any uncertainties are resolved in favor of remand. *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

Here, ALLSTATE focuses and basis its grounds for removal solely in the basis of diversity jurisdiction which on the face of Plaintiff's Complaint is improper as Defendant YERO is a citizen of the State of Florida and has not been fraudulently joined in this action as further explained below.

**THIS MATTER SHOULD BE REMANDED BACK TO STATE COURT AS THERE IS NO COMPLETE DIVERSITY BETWEEN THE PARTIES OF THIS ACTION.**

There is not complete diversity of citizenship, the only basis upon which the Petitioning Defendant so moved, and Defendant YERO was not fraudulently added as a Defendant simply to avoid diversity jurisdiction of this Court. There is no question here that the Court lacks diversity jurisdiction over this case because the following facts are irrefutable: (1) Jourdan as the Plaintiff is a citizen of the State of Florida; (2) Defendant, ALLSTATE is a citizen of the State of Illinois but because it does business in the State of Florida and is alleged to have engage in the commission of deceptive acts in the state of Florida it is also subject to the laws of the State of Florida and is properly before the Florida state courts pursuant to Florida law, the state in which this Court sits; (3) Defendant, YERO is a citizen of the State of Florida.

"For almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship." *Howell v. Tribune Entertainment Company,* 106 F.2d 215 (7th Cir. 1997). That means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Id.*; *citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996); *Fidelity & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983). It is beyond any argument that, in order for the Court to exercise jurisdiction based upon diversity of citizenship, Plaintiff must be citizens of different states than all defendants.

Federal courts are of limited, not general, jurisdiction and cannot proceed in a case that has no valid ground to be before the court in the first place. *Belleville Catering Co. v. Champaign Marketing Place, LLC,* 350 F.3d 691 (7th Cir. 2003). A court must make every reasonable effort to police itself in the use of its powers. *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

There is no fraud being committed by the Plaintiff as his cause of action in tort against a separate third party YERO, is based upon an identifiable, known contract right to which only ALLSTATE and Plaintiff are parties thereto.  First, YERO is a citizen of (1) the state where it is incorporated, and (2) the state where it has its principle place of business.  28 U.S.C. §1332(c)(1). YERO is incorporated in the State of Florida and has its principal place of business in Miami-Dade County, Florida. Despite having knowledge of and admitting the same in its Notice for Removal, ALLSTATE would have this court ignore by its intentional strategic omission that YERO, like each and every "Allstate Exclusive Agent" is not a true "agent" of ALLSTATE but is an independent contractor, much the same as was Plaintiff and as such maintains an economic interest in its own book of business, (YERO's book), which economic interest it sought to add to and/or enhance in value by the solicitation and addition of customers of insurance policies from the book of business of Plaintiff during the 90 day period afforded Plaintiff by ALLSTATE in which Plaintiff was trying to market and sell his economic interest in his book of business post termination of his agency with ALLSTATE.

Second, by the R3001 contract and most if not all of the associated and/or incorporated other agreements, (which by the way the terms of any of which are NOT, repeat NOT negotiable by the prospective "Allstate Exclusive Agent" such as YERO and at one time Plaintiff), such clearly states that ALLSTATE owns the policies of insurance and its customer base.  However,

the "Allstate Exclusive Agent' is lured into investing exorbitant sums of money into building the customer base and their economic interest therein based upon the contractual promise of being able to transfer by sale an "economic interest" in the business, known as the book of business, when the agent retires or is no longer with the company, regardless of cause. Third, ALLSTATE has no interest in the "economic interest" of Plaintiff's subject book of business. ALLSTATE only owns the policies and it has all the rights to the customer that comprise an "Allstate Exclusive Agent's" book of business.  Allstate reserves unto its self by contract even the right to approve the purchaser of the economic interest related and existing from the book of business.  Allstate does not negotiate the price or the terms of the sale of the economic interest for the seller and/or buyer thereof.

Fourth, ALLSTATE admits in its argument set forth in its Notice of Removal that Plaintiff had a period of time in which to sell his economic interest in the book of business associated with his former agency.  ALLSTATE further admits in its arguments in the Notice of Removal that YERO solicited a member of Plaintiff's book of business, thus attempting to willfully or at the behest of itself and/or ALLSTATE contacted and thus directly interfered with the value of the economic interest Plaintiff had in his identifiable and known book of business.  Plainly stated, YERO either attempted to or did devalue the Plaintiff's economic interest in his book of business to a potential purchaser of the same by contacting such individuals to make them party of YERO's book of business and thus adding to the value of its economic interest it, YERO had the right to sell, all to the detriment and in interference with Plaintiff's contractual rights with ALLSTATE. Otherwise, if ALLSTATE's argument is taken to its final logical conclusion, of owning and being able to affect the sale of an economic interest in Plaintiff's book of business, to make that interest of, to the extreme extent de minis to negative, really then what consideration could it explain to

this Court exists for the R3001 agreement, as incorporated and amended to be valid, enforceable contract and not void ab initio with Plaintiff?

Section 1447(c) of the United States Codes provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). If a district court finds that it lacks subject matter jurisdiction in a removal case, remand is mandatory under section 1447(c); however, remand on the basis of any other defect than lack of subject matter jurisdiction is left to the court's discretion. 28 U.S.C. § 1447(c). As this Court lacks subject matter jurisdiction over this case due to a lack of total diversity, it should remand the case back to the 11th Circuit Court of Miami-Dade County, Florida for all further proceedings.

## ATTORNEY'S FEES

Plaintiff seeks attorneys' fees and expenses of bringing this motion pursuant to 28 U.S.C. §1447. This Court should consider awarding Plaintiff their fees and costs under 28 U.S.C. §1447(c) as a consequence of remanding the case to Miami-Dade County. Petitioning defendant, ALLSTATE having its own contractual arrangement with YERO has known at all times that not only is YERO an independent contractor but that it is incorporated in the State of Florida and has its principal place of business located in Miami-Dade County, Florida. Despite possessing that knowledge, ALLSTATE has kept up the pretense that YERO is not an independent contractor but its agent doing its biding at its instruction with a separate right of its own economic interest. The fact that ALLSTATE seeks to distance its self from the mountain of cases in which it has successfully contended that the "Allstate Exclusive Agent" is an independent contractor and that YERO, as such, is one in the same with ALLSTATE in every aspect, not only ignores the economic interest of its exclusive agents, but also is highly misleading. Absent unusual circumstances, courts

may award attorney fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Plaintiff submits that ALLSTATE has demonstrated no objectively reasonable basis for seeking removal based on diversity and/or fraudulent joinder; therefore, this Court should award both expenses and attorneys' fees associated with opposing the Notice of Removal to Plaintiff.

### III. CONCLUSION

WHEREFORE, Plaintiff, ALLWYN JOURDAN prays this Court grants this Motion; remand this case in its entirety to the Circuit Court of Miami-Dade County, Florida; consider awarding Plaintiff his costs and attorney fees; and grant any and all further relief that this Court deems to be reasonable and appropriate under the circumstances.

Dated:  September 14, 2018

                    Respectfully submitted,

                    K/S Attorneys at Law

                    _/s/ Tina El Fadel_____
                    Tina El Fadel, Esquire
                    Florida Bar # 0091039
                    Attorneys for Plaintiff
                    4800 N. Federal Highway Suite B 103
                    Boca Raton, FL 33431
                    PH: (561) 939-8042 Fax: (561) 750-5083
                    tina.elfadel@ks-law.com
                    eservice@ks-law.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2018, I electronically filed the forging with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record in this action, including those on the Service List. I also certify that the foregoing document is being served this day on the Defendant(s) identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Tina El Fadel*
Tina El Fadel, Esquire

### SERVICE LIST

### CASE NUMBER: 1:18-cv-23561-KMM

SALOMON LAGUERRE
Seyfarth Shaw LLP
1075 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
slaguerre@seyfarth.com

BLAKE S. SANDO
Cole Scott & Kissane
Dadeland Centre II Suite 1400
9150 S Dadeland Boulevard
Miami, FL 33156
blake.sando@csklegal.com