**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ALLWYN JOURDAN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
a Foreign Illinois Registered Corporation,
and CONRADO YERO, INC., a Florida For
Profit Corporation,

    Defendants.

Case No. 1:18-cv-23561-KMM

**DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF ALLWYN JOURDAN'S MOTION TO REMAND**

Defendant Allstate Insurance Company ("Allstate") hereby submits its Response in Opposition to Plaintiff Allwyn Jourdan's Motion to Remand ("Motion"), showing the Court as follows:

On August 30, 2018, Allstate filed its Notice of Removal of the lawsuit Plaintiff had filed against Allstate and Defendant Conrado Yero, Inc. ("Yero") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on the basis that Yero had been fraudulently joined in order to destroy diversity jurisdiction in this case.[1] [Dkt. 1.] Though Plaintiff does not dispute that diversity exists between itself and Allstate or that the amount in controversy is sufficient for diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff contests Allstate's assertion regarding joinder of Yero and moves for remand on that basis. Respectfully,

---

[1] Allstate incorporates by reference the arguments raised in its Notice of Removal as if set forth in full herein.

49962107v.2

Allstate submits that it is clear from the face of Plaintiff's pleading that Yero, a Florida resident, should never have been joined as a defendant. The Court should ignore Yero's presence, exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332, and refuse Plaintiff's request for an award of costs and fees associated with bringing its unfounded Motion.

**I.      Complete Diversity Exists Absent Fraudulent Joinder of Yero**

Plaintiff simply does not have a cognizable claim against Yero. Plaintiff asserts in Count IV of his Complaint that Yero tortuously interfered with Plaintiff's business and contractual relationships with Allstate by sending a letter to Dario Rios ("Rios"), a customer that Plaintiff serviced while an Allstate Exclusive Agent and pursuant to his R3001S Exclusive Agency Agreement ("EA Agreement") with Allstate. (*See* Compl. ¶ 147.)

To succeed on his tortious interference claim, Plaintiff would have to be able to demonstrate that Yero's contact with Rios was "unjustified." *Novell v. Bank of Am. Corp.*, No. 14-CV-80672-RLR, 2014 WL 7564678, at *3 (S.D. Fla. Dec. 3, 2014). Failure to do so results in a finding that Yero was fraudulently joined. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (holding that fraudulent joinder may be proven where there is "no possibility the plaintiff can establish a cause of action against the resident defendant").

In his Motion, Plaintiff argues that Yero sent the letter to Rios in his capacity as an independent contractor for Allstate, and thus was acting in his own interest rather than pursuant to any direction from Allstate. (Motion at 5.) Plaintiff's argument, however, fails to demonstrate any unjustified action by Yero because Allstate was expressly allowed under its agreement with Plaintiff to ask any of its existing Exclusive Agents at the time, including but not limited to Yero, to service customers formerly serviced by Plaintiff.

Plaintiff does not contest the validity of any of the terms of the EA Agreement; indeed, he expressly relies upon them in asserting his claim of breach against Allstate. (*See generally* Complaint; Motion.) Specifically, he does not contest Allstate's termination of the EA Agreement for cause on October 14, 2015. (Compl. ¶¶ 34-45, Ex. C.) Moreover, Plaintiff does not contest that, under the express terms of the EA Agreement, Plaintiff ceased representing Allstate as an Allstate Exclusive Agent upon termination of the EA Agreement. Plaintiff also admits that the EA Agreement allowed Allstate to service the book of business serviced by Plaintiff once his EA Agreement terminated and, in doing so, Allstate had "sole discretion [in] the manner in which service will be provided" to existing customers. (*See* EA Manual at 39, attached to Complaint as part of Composite Ex. B.) Indeed, Plaintiff admits that Allstate "owns the policies" and "has all the rights to the customer [sic] that comprise an 'Allstate Exclusive Agent's' book of business." (Motion at 6.) As such, Allstate was free to service Plaintiff's former Allstate customers in any manner and at any time following termination, including during the 90-day period Plaintiff was afforded to sell the economic interest in his book of business. If Allstate preferred to service those customers through another Allstate Exclusive Agent such as Yero, it was empowered to do so under the EA Agreement. Yero's letter offering to service Rios' existing Allstate policies was merely evidence of the exercise of Allstate's right to ensure its customers' service was uninterrupted following termination of the EA Agreement. (*See* Composite Ex. E to Complaint at 2 ("As you may already know, your insurance agent, Allwyn Jourdan, is no longer an Allstate agent, therefore, our agency now has the pleasure of hopefully serving all of your insurance needs!").)

In sum, neither Allstate nor Yero acted improperly or without justification by taking action to service Plaintiff's former customers following termination of the EA Agreement. Thus,

Yero was fraudulently joined and should not be considered in determining whether diversity jurisdiction exists in this case.

## II. A Fee Award is Improper

The federal statute governing procedure after removal of a case allows for the award of attorneys' fees and costs incurred in connection with bringing a motion to remand, but only when the removing party had no objectively reasonable basis for doing so. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Hence, even if the Court ultimately finds that the arguments Allstate raised in Section I above are not meritorious, these arguments were made based on a good faith assessment of the facts and law applicable to this case. Accordingly, a fee award under 28 U.S.C. § 1447(c) is improper. *See Sfilatino, LLC v. Old Padua, Inc.*, Civil Action No. 17-20103-Civ-Scola, 2017 WL 5749744, at *2 (S.D. Fla. May 22, 2017) (refusing to award fees because "[t]he arguments in favor of removal jurisdiction, while certainly not persuasive in the end, appear to have at least been made in good faith").

## III. Conclusion

For the reasons set forth above, Allstate respectfully requests that the Court deny Plaintiff's Motion to Remand, exercise its jurisdiction to hear Plaintiff's claims against Allstate, and deny Plaintiff's request for fees and costs under 28 U.S.C. § 1447(c).

*[Signature of Counsel Appears on the Following Page]*

49962107v.2

September 28, 2018                                      Respectfully submitted,

                                                  SEYFARTH SHAW LLP

                                                  */s/ Salomon Laguerre*
                                                  Salomon Laguerre
                                                  Florida Bar No. 092470
                                                  slguerre@seyfarth.com
                                                  1075 Peachtree St. NE, Suite 2500
                                                  Atlanta, Georgia 30309-3958
                                                  Telephone: (404) 885-1500
                                                  Facsimile: (404) 892-7056

                                                  *Counsel for Defendant Allstate*
                                                  *Insurance Company*

49962107v.2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

ALLWYN JOURDAN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
a Foreign Illinois Registered Corporation,
and CONRADO YERO, INC., a Florida For
Profit Corporation,

    Defendants.

Case No. 1:18-cv-23561-KMM

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, I electronically filed the foregoing DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF ALLWYN JOURDAN'S MOTION TO REMAND and that it is available for viewing and downloading from the Court's CM/ECF system, and that the participants in this case that are registered CM/ECF users will be served electronically by the CM/ECF system.

                                                                                     */s/ Salomon Laguerre*
                                                                                     Salomon Laguerre

                                                                                     *Counsel for Defendant Allstate*
                                                                                     *Insurance Company*