UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-23561-KMM

ALLWYN JOURDAN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, an
Illinois corporation, and CONRADO YERO,
INC., a Florida corporation,

    Defendants.
                                         /

## ORDER ON MOTION TO REMAND

THIS CAUSE came before the Court upon Plaintiff Allwyn Jourdan's ("Plaintiff") Motion to Remand and for Attorneys' Fees and Costs. ("Motion") (ECF No. 14). Defendant Allstate Insurance Company ("Allstate") filed a response in opposition, ("Response") (ECF No. 18), and Plaintiff filed a reply ("Reply") (ECF No. 19). The Motion is now ripe for review.

**I.    BACKGROUND**

On July 9, 2018, Plaintiff, a Florida resident, filed a breach of contract action against Allstate, an Illinois corporation, and Conrado Yero, Inc. ("Yero"), a Florida corporation, in the Eleventh Judicial Circuit, Miami–Dade County, Florida. *See generally* ("Compl.") (ECF No. 1–2). Plaintiff is a former Allstate Exclusive Agent ("AEA") whose insurance agency sold exclusively Allstate–brand insurance products. Compl. ¶ 18. Plaintiff alleges that Allstate breached its agency agreement (the "EA Agreement") with Plaintiff by terminating his AEA status for cause and effectively seizing his book of business ("BOB"), including his access to client files and other valuable data. Compl. ¶¶ 18, 34–36. According to Plaintiff, the EA Agreement gave Plaintiff ninety (90) days following his for–cause termination to "procure and sell his economic

interest in" his BOB. *Id.* ¶ 99.[1] Plaintiff alleges that shortly before the expiration of this 90–day period, Yero, an agency also exclusively selling Allstate products, sent a letter to Dario Rios ("Rios"), a former client of Plaintiff's, stating that Plaintiff "is no longer an Allstate agent," and that Yero "[] now [has] the pleasure of hopefully serving all your insurance needs!" *Id.* ¶¶ 74–79, 90; Rios Letter (ECF No. 1–2) at 579. Plaintiff claims that Allstate provided Yero with detailed information on Plaintiff's BOB, including the names and addresses of former clients like Rios, before the expiry of Plaintiff's deadline to sell his interest in his BOB. *Id.* ¶ 82.

Plaintiff asserts claims against Allstate for breach of contract ("Count I"), breach of implied covenant of good faith and fair dealing ("Count II"), deceptive and unfair trade practices ("Count III"), and tortious interference ("Count IV"). *Id.* ¶¶ 106–153. Plaintiff only asserts a claim against Yero for tortious interference. *Id.* ¶¶ 143–153.

On August 30, 2018, Allstate removed this action to federal court, asserting diversity jurisdiction. Notice of Removal (ECF No. 1). Allstate argues that Plaintiff fraudulently joined Yero, a Florida citizen, to destroy diversity jurisdiction. *Id.* ¶¶ 9–18. On September 14, 2018, Plaintiff filed the instant Motion, arguing that Yero was not fraudulently joined, and requesting that the Court remand the action and award attorneys' fees and costs in his favor.

## II.   LEGAL STANDARD

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. 28 U.S.C. § 1441(a). A district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a). When a case is removed based on diversity jurisdiction, the case must be remanded to state court if there is not complete diversity between

---

[1] Allstate concedes that Plaintiff "maintain[ed] an economic interest in his [] [BOB] . . . for 90 days after termination." *See* Notice of Removal at 5.

the parties, or if one of the defendants is a citizen of the state in which the suit is filed.  *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).  If, however, a non–diverse defendant is named solely to defeat federal diversity jurisdiction, the fraudulent joinder doctrine requires the district court to ignore the presence of the non–diverse defendant.  *Zerbersky Payne, LLP v. Aughtman Law Firm, LLC*, No. 0:17-cv-61170, 2017 WL 3404391, at *2 (S.D. Fla. Aug. 9, 2017); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell*, 663 F.3d at 1332 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).[2]

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* at 1333.  Moreover, in making its determination, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (internal quotations omitted).  The "plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.*  Plaintiff need only provide "allegations sufficient to establish even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Id.* at 1334 (internal quotations omitted).  Thus, to determine whether it is possible that a state court would find that the complaint states a cause of action, the court must necessarily look to the

---

[2] Allstate concedes that Yero is a citizen of Florida.  Notice of Removal ¶ 9.  Accordingly, the Court need not address the second prong of the fraudulent joinder test.

3

pleading standards applicable in the state court, not the plausibility pleading standards prevailing in federal court. *Id.* Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### III. DISCUSSION

#### A. Fraudulent Joinder Analysis

Plaintiff argues that this case should be remanded to state court because Yero, a Florida resident, was properly joined as a defendant, and therefore kills diversity jurisdiction in this matter. Motion at 4. In response, Defendant argues that Plaintiff's claim against Yero for fraudulent interference is not cognizable under Florida law because Yero's contact with Rios was not unjustified. Response at 2.

Under Florida law, "interference with a business relationship and with a contract form a single claim because the *prima facie* showing for intentional interference with contractual relationships and intentional interference with business relationships are, in substance, the same." *Circeo–Loudon v. Green Tree Servicing, LLC*, No. 14–21384–CIV, 2014 WL 4219587, at *4 (S.D. Fla. Aug. 25, 2014). To prove tortious interference, a plaintiff must show: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff because of the breach of the relationship. *Novell v. Bank of Am. Corp.*, No. 14–CV–80672–RLR, 2014 WL 7564678, at *3 (S.D. Fla. Dec. 3, 2014).

Allstate challenges Yero's joinder on the sole basis that Yero's interference was not unjustified. Response at 2. For a party's interference to be "unjustified," the interfering party must be "a third party[] [or] a stranger to the business relationship." *SMK Assocs., LLC v. Lorali, Inc.*, Case No. 14-CV-61460-WILLIAMS, 2015 WL 11199688, at *2 (S.D. Fla. Jan. 21, 2015)

4

(internal citation omitted).  A defendant is not a stranger to a relationship if the defendant has "any beneficial or economic interest in, or control over, that relationship."  *Id.*

In support of the contention that Yero is a not a "stranger" to Plaintiff and Allstate's business relationship, Defendant relies on this Court's decision in *SMK*.  Notice of Removal at 6.  There, plaintiff SMK and co–defendant Lorali, LLC allegedly entered into an agreement for the wholesale purchase of cigarettes.  *Id.* at *1.  Co–defendant Sutherland was the purported supplier of the cigarettes to SMK, who was to then deliver them to Lorali.  *Id.*  SMK alleged that Sutherland conspired with other co–defendants to sell its cigarette supply directly to Lorali, "essentially cutting SMK out of the deal."  *Id.* at *1–*2.  SMK argued that because Sutherland was not a party to the contract between SMK and Lorali, it was a "stranger" to SMK and Lorali's business relationship, and therefore Sutherland's interference with that relationship was "unjustified."  *Id.* at *3.  This Court disagreed, holding that, as the supplier of the cigarettes and source of the business opportunity at issue, Sutherland "clearly had an economic interest in the relationship between SMK and Lorali" and was therefore not a stranger to SMK and Lorali's business relationship.  *Id*.

Defendant claims that Yero is not a stranger to Plaintiff and Allstate's business relationship because Yero has a financial or economic interest in pursuing Plaintiff's former client.  Notice of Removal at 6–7.  However, unlike Southerland, Yero was not the source of the business opportunity at issue.  *See SMK*, 2015 WL 11199688, at *3.  Moreover, as alleged, Yero was not even aware of the business relationship until well after Allstate had terminated the AE Agreement for cause.  *Harris v. Partnership*, Case No: 5:15-cv-529-Oc-30PRL, 2016 WL 231191, at *2 (M.D. Fla. Jan. 15, 2016) ("In determining whether a party was fraudulently joined, a court must review the factual allegations in the light most favorable to the plaintiff. . .").

Further, it is unclear from the face of the EA Agreement and its relevant subparts that Yero was explicitly authorized to solicit Plaintiff's business.  Although Plaintiff concedes that *Allstate*

5

"ha[d] all the rights to the customer that comprise an [AEA]'s book of business," Plaintiff disputes that *Yero* had those same rights when soliciting Rios. *See* Motion at 2, 6 (emphasis added). None of the materials provided by Allstate in support of the Notice of Removal categorically state that independent agencies such as Yero had the right to solicit Plaintiff's former clients during the pendency of Plaintiff's 90–day period. Moreover, although a supplement to the EA Agreement provides Allstate with the authority to "service" Plaintiff's BOB following a for–cause termination, the supplement is similarly silent as to whether *Yero* was allowed to do the same. *See* Supplement to EA Agreement (ECF No. 1–2) at 158.

Keeping in mind that "the great weight of authority in Florida supports the proposition that parties with legitimate, legally recognizable stakes in a business relationship are not liable for tortiously interfering with that relationship," *Lifestyle Vacation Incentives, LLC v. Sternfeld*, No. 11–81385–CIV, 2012 WL 4854766, at *4 (S.D. Fla. Oct. 12, 2012), the burden on the removing party is nonetheless a "heavy one." *Crowe*, 113 F.3d at 1538. Where a plaintiff states "even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Harris*, 2016 WL 231191, at *2 (internal citation omitted). "The plaintiff need not have a winning case; rather, the plaintiff need have only a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.*

The Court finds that Plaintiff has sufficiently alleged the possibility of a valid cause of action against Yero for tortious interference under Florida law. Plaintiff has sufficiently stated a "mere colorable" claim that Yero was a third party to the business relationship between Plaintiff and Allstate, and that the face of the EA Agreement did not definitively permit Yero to solicit the business of Plaintiff's former client. Accordingly, Yero's joinder was not improper, and his presence as a Florida defendant in the instant action deprives the Court of subject matter

jurisdiction. This matter is therefore remanded to the Eleventh Judicial Circuit, Miami–Dade County, Florida.

### B.     Request for Attorneys' Fees and Costs

Plaintiff seeks attorneys' fees and costs incurred because of the removal of this action. Motion at 7–8. Courts may only award of fees and costs under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Siman v. Ocean Bank, N.A.*, No. 1:15-cv-24258, 2016 WL 739659, at *5 (S.D. Fla. Feb. 25, 2016). Here, while removal was ultimately unsuccessful, the Court finds that Allstate's attempt to do so was not objectively unreasonable. Accordingly, Plaintiff's request for attorneys' fees and costs is denied.

## IV.    CONCLUSION

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED and ADJUDGED that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART as follows:

- A.    The Motion to Remand is GRANTED and this case is hereby REMANDED to the Eleventh Judicial Circuit, Miami–Dade County, Florida.

- B.    The Motion for Attorneys' Fees and Costs is DENIED.

- C.    The Clerk of the Court is instructed to CLOSE this case. All pending motions, if any, are denied as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  8th  day of February, 2019.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

C: All counsel of record